UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MANASHER and
FRIDA SIROTA,

      Plaintiffs,

v.

Case No. 06-10749
Hon. Sean F. Cox

NECC TELECOM,

      Defendant.
_____

**ORDER**

This matter is before the Court on Plaintiffs' Motion for leave to file a First Amended Complaint. Both parties fully briefed the issues and a hearing was held December 7, 2006. For the following reasons, the Court **GRANTS** Plaintiffs' Motion for leave to file a First Amended Complaint. Plaintiffs' pending Motion for class certification and Defendant's Motion for judgment on the pleadings are **DENIED** without prejudice. Plaintiff is ordered to file a new Motion for class certification based on the First Amended Complaint by the time the Answer is due to the First Amended Complaint pursuant to Fed.R.Civ.P. 12(a). Defendant may file a new Motion for judgment on the pleadings by the same date.

**I.    BACKGROUND**

This action arises out of the allegedly faulty billing system of Defendant NECC Telecom, Inc. Defendant is a telecommunications company that provides local, long distance, and

international telephone service to ethnic groups. Plaintiffs, Gregory Manasher and Frida Sirota, were customers of Defendant. Plaintiff Manasher remains a customer of Defendant and was also employed by Defendant.

Defendant provided Plaintiffs with monthly itemized bills that included telephone charges and fees. Both Plaintiffs claim they were charged fees they did not agree to. Defendant admits that Plaintiff Sirota was erroneously charged a late payment fee. Plaintiff Manasher claims he was told there would be no fees, only a per minute rate. Additionally, on both Plaintiffs' statements, the itemized amounts for calls did not equal the amount shown in the total column. Both Plaintiffs paid the incorrect amount shown in the total column of the statement.

On January 31, 2006, Plaintiffs filed a Complaint, individually and as a class action, in the Wayne County Circuit Court. The class includes all persons or entities in the United States that use Defendant's services and were charged illegal fees. Defendant removed to this Court on February 17, 2006. Plaintiffs alleged: (1) negligence; (2) fraud; (3) violation of the Michigan Consumer Protection Act; and (4) breach of contract. Plaintiffs sought injunctive relief; compensatory damages; and attorney fees and costs.

On July 14, 2006, Plaintiffs filed a Motion for class certification. Defendant opposes class certification. On July 26, 2006, Defendant filed a Motion for partial judgment on the pleadings based on the Complaint. Plaintiffs oppose the Motion.

On October 31, 2006, Plaintiffs filed the instant Motion for leave to file a First Amended Complaint. Plaintiffs' First Amended Complaint alleges: (1) violation of the federal Communications Act and Truth-in-Billing Act; (2) breach of contract and breach of duty of good faith and fair dealing; (3) fraud; (4) unjust enrichment and disgorgement; (5) negligence; and (6)

violation of the Michigan Consumer Protection Act (limited to a sub-class of Michigan residents).  Plaintiffs seek injunctive relief against further violations, compensatory relief, and costs and attorney fees.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 15(a) provides, in pertinent part:

> A party many amend the party's pleading once as a matter of course at any time before a responsive pleading is served...[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

"[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)(citation omitted).  "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." *Id*.  "Abuse of discretion occurs when a district court fails to state the basis of its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Id*.

## III.   ANALYSIS

The court considers several elements in ruling on a motion to amend, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment..." *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).  "Delay by itself is not sufficient reason to deny a motion to amend." *Id*.  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id*.

### A.     Undue Delay

It is clear that Plaintiffs delayed in filing their Motion for leave to file a First Amended Complaint. In their response to Defendant's Motion for judgment on the pleadings, Plaintiffs attached a proposed amended complaint. That response was filed August 22, 2006; yet Plaintiffs did not file the instant Motion for leave to file a First Amended Complaint until October 31, 2006. However, as noted above, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Head*, *supra*. See also *Wallace Hardware Company, Inc. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000)("Delay, standing alone, is an insufficient basis for denying leave to amend, and this is true no matter how long the delay.").

### B.     Lack of Notice to the Opposing Party

Defendant admits that there was discussion of amending the Complaint from at least March 2006. [Response p.1]. In the proposed amended complaint attached to Plaintiffs' Response to Defendant's Motion for judgment on the pleadings, Plaintiffs included substantially all of the claims included in the proposed First Amended Complaint that is the subject of the instant Motion. Further, the new claims in the proposed First Amended Complaint arise from the same or similar facts.

### C.     Bad Faith by the Moving Party

Defendant contends Plaintiffs used discovery as a "fishing expedition," but this does not translate to bad faith by Plaintiffs. Defendant fails to demonstrate that Plaintiffs delay in filing the First Amended Complaint was in bad faith.

### D.     Repeated Failures to Cure Deficiencies by Prior Amendments

Because Plaintiffs seek to file a First Amended Complaint, this factor is not helpful as

there are no prior amendments.

### E. Undue Prejudice

Defendant fails to identify how allowing Plaintiffs to file the proposed First Amended Complaint would be unduly prejudicial. The only claim Defendant argues would require different proof from Plaintiffs' original claims is the claim for violation of the Truth-in-Billing Act. However, Defendant fails to identify what the elements of that claim are, and how it would be prejudiced if the claim was added. Defendant does not detail what additional discovery is needed or what discovery is rendered useless. Plaintiffs stated at the hearing that they do not anticipate the need for any future amendments.

Alternatively, Defendant asks that the Court condition Plaintiffs' leave to amend on their payment of costs for "preparing and filing an answer to the initial complaint, preparing and filing two motions for partial judgment on the pleadings, conducting class discovery and briefing on Plaintiffs' motion for class certification pursuant to the initial complaint, and propounding interrogatories based upon the initial complaint." [Response, p.5]. Defendant fails to identify any binding authority that would support such a condition. Further, Defendant does not identify how the research and time spent preparing those documents is now useless such that Plaintiffs should be ordered to pay for it. The majority of the claims are the same between the Original Complaint and the First Amended Complaint. Defendant also asks the Court to deny Plaintiff any further discovery on the issue of class certification. The Court will not preclude discovery; but, Plaintiffs are ordered to file their Motion for class certification by the time the Answer to the First Amended Complaint is due. See Fed.R.Civ.P. 12(a).

### F. Futility of Amendment

Defendant does not allege that the proposed claims are futile.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for leave to file a First Amended Complaint.  Plaintiffs' pending Motion for class certification and Defendant's Motion for judgment on the pleadings based on the Original Complaint are **DENIED** without prejudice. Plaintiff is ordered to file a new Motion for class certification based on the First Amended Complaint by the time the Answer is due to the First Amended Complaint pursuant to Fed.R.Civ.P. 12(a).  Defendant may file a new Motion for judgment on the pleadings by the same date.

   **IT IS SO ORDERED.**

                    S/Sean F. Cox
                    **Sean F. Cox**
                    **United States District Judge**

**Dated:  December 8, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on December 8, 2006, by electronic and/or ordinary mail.**

                    S/Jennifer Hernandez
                    **Case Manager**