UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MANASHER and
FRIDA SIROTA,

      Plaintiffs                          Case No.  2:06-cv-10749

v.                                     Hon. Sean F. Cox

NECC TELECOM,

      Defendant.

| COX, HODGMAN & GIARMARCO, P.C. | HONIGMAN MILLER SCHWARTZ & COHN, LLP |
|---|---|
| BY:  Larry W. Bennett | BY: Richard Zuckerman ((P26521) |
|     Kaveh Kashef (P64443) |     Lara Fetsco Phillip (P67353) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 101 West Big Beaver Road, 10th Floor | 2290 First National Building |
| Troy, Michigan   48084 | 660 Woodward Avenue |
| (248) 457-7037 | Detroit, Mi  48226-3506 |
| | (313) 465-7518 |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

        Plaintiffs, by and through their attorneys, Cox Hodgman & Giarmarco, P.C., on behalf of themselves and all other persons similarly situated, state the following in support of their First Amended Complaint:

1.      Plaintiff, Gregory Manasher, is a resident of the County of Oakland, State of Michigan.

2.      Plaintiff, Frida Sirota, is  a resident of the County of Oakland, State of Michigan.

3.      Defendant NECC Telecom ("NECC") conducts business in Wayne County.

4.      NECC is a telecommunications company, which provides its customers with, inter alia, local, long distance, and international telephone services.

5.      Plaintiffs and the members of the Class are past and present NECC customers, who received monthly billing statements from NECC for the calls they made utilizing NECC's services.

6.      The billing statements itemized charges to the Plaintiffs and the Class.

7.      The billing statements illegally and unlawfully charged the Plaintiffs and the Class

an incorrect amount in excess of the lawful amount allowed to be charged.

### Class Action Allegations

8.      This action is brought by Plaintiffs on their own behalf and as a class action,

pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2) and/or (b)(3), on behalf of the following

class:

> all persons and entities in the United States who
> are now, or were in the past, subscribers and/or
> users of NECC who were charged excessive
> fees for their use of NECC's services during the
> fullest period allowed by the law (the "Class").

9.      Excluded from the Class are:

      A.      Defendant and any entity in which Defendant has a controlling interest, and

           its legal representatives, officers, directors, assigns and successors;

      B.      This Court and any member of its immediate family;

      C.      All claims for personal injuries.

10.     Plaintiffs and the Class seek the following relief:

      A.      An order declaring this action to be maintainable as a class action and

           appointing Plaintiffs as Class representatives and their counsel as counsel

           for the Class;

      B.      A declaratory judgment that Defendant's conduct violates 47 USC § 201(b)

           and 12 CFR § 64.201;

      C.      An order enjoining Defendant from continuing its unfair, unconscionable and

           deceptive billing practices;

      D.      Damages to Plaintiffs and the Class;

E.   Restitution and disgorgement by Defendant of all monies received in connection with the conduct alleged herein;

F.   Costs and disbursements of this action including reasonable attorneys' fees and expert fees;

G.   Pre-judgment and post-judgment interest; and

H.   Such other relief as may be just and proper.

11.   Pursuant to Fed. R. Civ. P. 23(a)(1) the Class is so numerous that joinder of all members is impracticable. The proposed class is believed to number in the thousands.

12.   Pursuant to Fed. R. Civ. P. 23(a)(2) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members, including:

A.   All members of the Class are or were users of NECC for domestic and/or international long distance telephone service.

B.   Whether NECC's billing and collection practices, as alleged herein, are unjust and unreasonable in violation of the Communications Act, 47 USC § 201(b), 206, 207 and the Federal Communication Commission's ("FCC's") Truth-in-Billing Act, 12 CFR § 64.2401;

C.   Whether NECC has breached its contracts and duties of good faith and fair dealing with Plaintiffs and the Class by engaging in the billing, collection and cramming practices set forth herein;

D.   Whether NECC has been unjustly enriched as a result of the billing and collection practices set forth herein;

E.   Whether Plaintiffs and the Class have sustained damages and, if so, the proper measure of such damages; and

3

F.      Whether Plaintiffs and the Class are entitled to declaratory relief, and to injunctive relief enjoining NECC from continuing the unlawful, unjust and unreasonable practices set forth herein.

13.      Pursuant to Fed. R. Civ. P. 23(a)(3) the claims of the named Plaintiffs are typical of the claims of the Class, as such claims are based on the same legal theories, and each has sustained damage in the same manner as a result of Defendant's wrongful conduct.

14.      Pursuant to Fed. R. Civ. P. 23(a)(4) Plaintiffs will fairly and adequately assert and protect the interests of the Class.  Plaintiffs are committed to prosecute this action vigorously and have retained competent counsel experienced in class action litigation of this nature.  Plaintiffs are members of the Class and do not have interests antagonistic to, or in conflict with, other members of the Class.

15.      Pursuant to Fed. R. Civ. P. 23(b)(1) the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendants

16.      Pursuant to Fed. R. Civ. P. 23(b)(2) the defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

17.      Pursuant to Fed. R. Civ. P. 23(b)(3) the maintenance of this action as a class action is superior to other available methods of adjudication in promoting the convenient administration of justice and achieving a fair and efficient adjudication of the controversy in this matter. Joinder of all members of the Class is impracticable and inefficient. Furthermore, many members injured by Defendant's actions will not receive relief in the absence of a class action since it would be too expensive for many individuals to bring their

claims separately. Even if individual class members could afford to prosecute their claim separately, the courts would be burdened with numerous lawsuits involving identical issues. Individual litigation magnifies the delay and expense to all parties and to the court system of resolving the controversies engendered by Defendant's actions. By contrast, a class action presents fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single tribunal.

18.    Final equitable and declaratory relief is appropriate in this action because the class will continue to suffer damages until the Defendant ceases charging the illegal fees.

19.    The action is manageable as a class action because the Defendant has accurate records to properly identify all persons in the class, the individual class members that have suffered damages and the individual class members who will suffer future harm as a result of the illegal charges.

20.    It is probable that the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action because of the overall number of class members.

21.    The members of the class do not have a significant interest in controlling the prosecution or defense of separate actions involving the subject matter of this action because the claims of the representative parties are similar to those of the class members and the representative parties will protect the interest of the class.

## DEFENDANT'S UNLAWFUL BILLING PRACTICES

22.    Over the course of several years, Defendant NECC deliberately and purposefully overcharged Plaintiffs and the Class.

23.    Plaintiffs were solicited to utilize Defendant as a telephone service provider. Plaintiff Sirota was solicited by a person named "Elena." The person who solicited Plaintiff

5

Manasher is named "Kitchka." The exact date of the conversation is not recalled by Plaintiffs but is, upon information and belief, known to, or available in records from, Defendant.

24.     Plaintiffs were informed during the conversation they would be charged a specific rate and there would be no additional service charges.

25.     After Plaintiffs received some billings, they noticed that their bill contained service charges and the amount they were charged for their calls was not accurate.

26.     Specifically, as to Plaintiff Gregory Manasher, he received invoice #3458442 which improperly contained charges for:

      A.     Carrier Charges

      B.     FCC Line Charges

      C.     Federal Taxes

      D.     State Taxes

      E.     Universal Services

27.     As to Plaintiff Frida Sirota, she received invoice #2926124 which improperly contained charges for:

      A.     Recurring Fee

      B.     Late Payment Charge

      C.     Carrier Charges

      D.     FCC Line Charges

      E.     Federal Taxes

      F.     State Taxes

      G.     Universal Services

      H.     Other fees

28.     In addition, on the above invoices, Defendant listed itemized amounts for service but the amount charged for service was not accurate.  One invoice for each of the named Plaintiffs is attached.

> A.     The amount charged on Sirota invoice #2926124 for calls was $9.47 but the amount in the columns add up to $7.56.
>
> B.     The amount charged on Manasher invoice #3458442 was $13.75 but the amount in the columns add up to $11.45.

29.     Plaintiffs have additional invoices that contain the same errors.

30.     Plaintiffs are aware other persons received invoices that contain the same errors as Plaintiffs are aware other customers called and made complaints about the errors.

31.     At the time Defendant NECC solicited Plaintiffs as customers, they falsely represented the charges on their bills would be accurate, correct and in accordance with their statement that there would be no additional service charges.

32.     In addition, Defendant deliberately and purposefully billed for inaccurate amounts utilizing a confusing billing format to deceive customers, including Plaintiffs into paying incorrect amounts.

33.     Plaintiffs and the Class actually paid the excessive charges and fees.

34.     The Plaintiffs and the Class each acted in reliance upon the representations made by Defendant NECC.

## COUNT I -VIOLATION OF THE COMMUNICATIONS ACT AND TRUTH-IN-BILLING ACT

35.     Plaintiffs incorporate all prior and subsequent allegations as if specifically set forth.

36.     Defendant is a common carrier engaged in interstate or foreign communication by wire or radio.

7

37.     Plaintiffs bring this Count individually and on behalf of the Class under the Communications Act, 47 USC §201(b), 206 and 207.  47 USC § 201(b) prohibits a telephone service provider from engaging in "unjust and unreasonable" practices.

38.     Additionally, the FCC's  Truth-in-Billing Act, 12 CRF § 64.2401, provides that "charges contained on phone bills must be accompanied by a brief, clear, non-misleading description of the service or services rendered.  The description must be sufficiently clear in presentation and specific enough in content so that customers can accurately assess that the services for which they are billed correspond to those that they have requested and received, and that the costs assessed for those services conform to their understanding of the price charged."

39.     In clear violation of these mandates, Defendant has continuously billed, charged and collected monies from Plaintiffs and the Class which were unjustly, unreasonably and deceptively billed as "recurring fees" and "other fees."

40.     In addition, Defendant billed Plaintiffs and the Class for amounts in excess of the actual cost for telephone services used.  This was caused, at least in part, by a systemic computer program error that incorrectly added the individual charges for each call made.

<u>**COUNT II - BREACH OF CONTRACT AND**</u>
<u>**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**</u>

41.     Plaintiffs incorporate all prior and subsequent allegations as if specifically set forth.

42.     Defendant's contracts with Plaintiffs and the Class are substantively uniform from state to state and incorporate a promise implied by law that Defendant has complied with all applicable federal and state laws and regulations.  This includes the federal and state Truth-in-Billing statutes and regulations cited above which, *inter alia*, require that Defendant's billing, collection and sales practices be just, reasonable and accurate.

43.     Additionally, every contract imposes a duty of good faith and fair dealing on the part of the parties to deal fairly with, and not take advantage of, one another in connection with their performance of the contract.

44.     Defendant breached its contracts with Plaintiffs and the Class, and breached its corresponding duties of good faith and fair dealing, by engaging in unjust, unreasonable, and deceptive billing practices in violation of federal and state law by taking advantage of its position as a regulated telephone services provider to deceptively bill, charge and collect fees for unregulated services from Plaintiffs and the Class.

45.     As a direct and proximate result of Defendant's breaches, Plaintiffs and the Class have been damaged by paying excessive amounts to Defendant in the course of their subscribership with Defendant.

## COUNT III - FRAUD

46.     Plaintiffs incorporate all prior and subsequent allegations as if specifically set forth.

47.     Defendant NECC deliberately and purposefully overcharged Plaintiffs and the Class.

48.     At the time Defendant NECC solicited Plaintiffs as customers, they falsely represented the charges on their bills would be accurate, correct and in accordance with their statement that there would be no additional service charges.

49.     In addition, Defendant deliberately and purposefully billed for inaccurate amounts utilizing a confusing billing format to deceive customers, including Plaintiffs into paying incorrect amounts.

50.     The representations made by NECC were false at all relevant times when they were made.

51.     Defendant NECC knew that the representations were false and/or made the representations recklessly without knowledge of their truth.

52.     Defendant has admitted it knew at least as of March, 2005 that its billing system was inaccurate.

53.     Defendant continued to solicit customers, including Plaintiffs, despite actual knowledge its billing system was inaccurate.

54.     Defendant continued to accept payments from Plaintiffs and the Class despite actual knowledge Plaintiffs and the Class were paying amounts in excess of lawful and accurate charges.

55.     Defendant NECC made representations to Plaintiffs and the Class with the intent to induce the Plaintiffs and the Class to pay the excessive charges and fees.

56.     Plaintiffs and the Class actually paid the excessive charges and fees.

57.     The Plaintiffs and the Class each acted in reliance upon the representations made by Defendant NECC.

58.     As a direct and proximate result of the wrongful acts of Defendant, Plaintiffs and the Class have suffered and will continue to suffer damages, including but not limited to, excess charges.

## COUNT IV - UNJUST ENRICHMENT AND DISGORGEMENT

59.     Plaintiffs incorporate all prior and subsequent allegations as if specifically set forth.

60.     Plaintiffs bring this count individually and on behalf of the Class for unjust enrichment and disgorgement.  As a result of the unlawful, unconsionable and deceptive practices described in this Complaint, Defendant has collected large sums of money from Plaintiffs and the Class, to their detriment.

61.     It would be unjust and inequitable for Defendant to be permitted to retain any of the charges, monies and fees that Defendant derived from the unlawful and deceptive billing practices described herein.  All such sums collected and received by Defendant should be

ordered to be disgorged and returned to Plaintiffs and other members of the Class.

62.    Plaintiffs and the Class have no adequate remedy at law.

## COUNT V - NEGLIGENCE

63.    Plaintiffs incorporate all prior and subsequent allegations as if specifically set forth.

64.    Defendant NECC owed a duty to Plaintiff and to Class members to properly charge them for phone service.

65.    Defendant NECC breached its duties by failing to properly charge Plaintiffs and the Class members.

66.    Defendant NECC was aware of the negligent addition of charges and charging of fees but refused to make corrections.

67.    As a direct and proximate result of the negligence of Defendant, Plaintiffs and the Class have suffered and will continue to suffer damages, including but not limited to, excess charges.

## COUNT VI - MICHIGAN CONSUMER PROTECTION ACT VIOLATION

68.    Plaintiffs incorporate all prior and subsequent allegations as if specifically set forth.

69.    Plaintiffs bring this count individually and on behalf of a subclass of consumers residing or injured in Michigan.

70.    The Michigan Consumer Protection Act ("MCPA") MCL § 445.903(1) *et seq.* was enacted to protect consumers against unfair, deceptive or fraudulent business practices, including the wrongful acts described in this complaint,

71.    Plaintiffs and the Class are consumers as defined by the MCPA.

72.    Defendant NECC is engaged in trade and/or commerce as defined by the MCPA.

73.    Among other things, Defendant's conduct violates MCLA § 455.903(1)(s), (bb), (cc), each of which prohibit "unfair, unconscionable, or deceptive methods, acts, or practices in

11

the conduct of trade or commerce."

74.     Defendant NECC further violated the MCPA when it falsely represented that it accurately calculated the charges and fees billed to Plaintiffs and the Class.

75.     Defendant NECC further violated the MCPA when it failed to reveal its incorrect charges and fees which were material facts, the omission of which tends to mislead or deceive the consumer, and which facts could not reasonably be known by the consumer;

76.     Defendant NECC further violated the MCPA when it  failed to reveal facts that were material to the transaction in light of representations of fact made in a positive manner.

77.     Defendant NECC's deceptive practices were specifically designed to induce Plaintiffs and the Class to purchase its services.  By systematically billing customers in the unjust, unreasonable and deceptive manner set forth herein, Defendant has unlawfully collected large sums of money from Plaintiffs and the Class.

78.     Pursuant to MCLA § 445.911, Plaintiffs and the subclass are entitled to maintain this lawsuit as a class action and recover the monies paid to Defendant as damages, plus attorneys' fees and costs.

## COUNT VII - EQUITABLE RELIEF

79.     Plaintiffs incorporate all prior and subsequent allegations as if specifically set forth.

80.     Plaintiffs bring this count individually and on behalf of the Class under the Communications Act, 47 USC § 201(b) and the Truth-in-Billing Act, 12 CFR § 64.2401 enjoin Defendant from continuing to violate these laws and regulations.  Unless enjoined by this Court, Defendant will continue its unlawful billing practices, as set forth above.

## RELIEF REQUESTED

Plaintiffs on behalf of themselves and the Class, request the following relief:

A.     An order declaring this action to be maintainable as a class action and

appointing Plaintiffs as Class representatives and their counsel as counsel for the Class;

B.      A declaratory judgment that Defendant's conduct violates 47 USC § 201(b) and 12 CFR 64.2401;

C.      An order enjoining Defendant from continuing its unfair, unconscionable and deceptive practice of billing unauthorized and unlawful charges for unauthorized services onto customers' accounts;

D.      Damages to Plaintiffs and the Class;

E.      Restitution and disgorgement by Defendant of all monies received in connection with the conduct alleged herein;

F.      Costs and disbursements of this action including reasonable attorneys' and expert fees;

G.      Pre-judgment and post-judgment interest; and

H.      Such other relief as may be just and proper.


                                        s/Larry W. Bennett
                                        Larry W. Bennett
                                        Cox, Hodgman & Giarmarco, P.C.
                                        101 West Big Beaver, 10th Floor
                                        Troy, Michigan 48084
                                        248.457.7037
                                        lbennett@chglaw.com
                                        P26294

Dated: December 12, 2006

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury of this cause.

s/Larry W. Bennett
Larry W. Bennett
Cox, Hodgman & Giarmarco, P.C.
101 West Big Beaver, 10th Floor
Troy, Michigan 48084
248.457.7037
lbennett@chglaw.com
P26294

Dated: December 12, 2006