UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MANASHER and
FRIDA SIROTA,

      Plaintiffs,

v.                                                  Case No. 06-10749
                                                    Hon. Sean F. Cox

NECC TELECOM,

      Defendant.

_____

**ORDER**

      This matter is before the Court on Defendant's Motion to compel arbitration and to dismiss. On April 18, 2007, Defendant submitted a notice of supplemental authority regarding a recent United States Supreme Court decision. Based on that authority, the parties are directed to submit supplemental briefing limited to the issues outlined below. Both parties are to submit briefs and courtesy copies on or before **Friday, June 15, 2007**; responses and courtesy copies are due on or before **Friday, June 22, 2007. The hearing scheduled for June 12, 2007 is rescheduled to Friday, July 13, 2007 at 2:00 p.m.**

      The parties agree there is a private cause of action for violations of 47 U.S.C. §201(b). [Reply, p.8]. However, Defendant contends there is no private cause of action for violation of 47 C.F.R. §64.2401.

      Defendants submitted supplemental authority in the form of a newly issued Supreme Court opinion, *Global Crossing Telecommunications, Inc. v. Metrophones Telecommunications,*

1

*Inc.*, 127 S.Ct. 1513 (2007). In *Global Crossing*, the FCC regulation at issue required long-distance carriers to pay a set rate of compensation to payphone operators for calls made on their payphones. 47 CFR § 64.1300(d). The Court noted that the FCC subsequently determined that it was an "unreasonable practice" within the terms of § 201(b) to fail to comply with the regulation. *Global Crossing*, 127 S.Ct. at 1518. The issue before the Court was whether violation of the FCC regulation was sufficient to support a cause of action under 47 USC § 207. The Court held that it is clear that § 207 covers actions that complain of a violation of § 201(b) as lawfully implemented by an FCC regulation. *Id*. at 1520. The Court ruled that the difficult question was whether the regulation lawfully implements § 201(b)'s unreasonable practice prohibition.

In analyzing the question, the Court found that the FCC's determination that failing to comply with a regulation that requires payment of compensation to payphone operators is an 'unreasonable practice' was a reasonable, and hence lawful, determination under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837 (1984). Under *Chevron*, there is a two step process for reviewing the validity of an agency regulation. "First, we ask whether Congress has directly spoken to the precise question at issue...[i]f Congress's intent is clear, that is the end of the matter." *Wachovia Bank v. Watters*, 431 F.3d 556, 560-561 (6th Cir. 2005). "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id*. Any ambiguities require the court to give "great weight" to any reasonable construction of the statutes by the agency. *Id*. The Court found that the FCC's determination that failure to comply with 47 CFR § 64.1300(d) "easily fits within the language of the statutory phrase."

*Global Crossing*, 127 S.Ct. at 1520. Tracking the language of §201(b), the Court stated "one can call a refusal to pay Commission-ordered compensation despite having received a benefit from the payphone operator a 'practice ... in connection with furnishing a communication service ... that is ... unreasonable.'" *Id*.

Because *Global Tracking* was decided after the briefs were submitted in this case, the parties did not address whether 47 C.F.R. §64.2401 lawfully implements § 201(b)'s unreasonable practice prohibition, pursuant to that case. In addition, unlike the Court in *Global Tracking*, this Court does not have the benefit of an FCC ruling on the issue.

**The parties' supplemental briefs are limited only to the issues of: (1) the implications on this case of the holding in *Global Tracking;* and (2) whether the primary jurisdiction doctrine[1] requires remand of this issue to the FCC for a ruling on whether 47 C.F.R. §64.2401 is an "unreasonable practice" under §201(b) .**

**IT IS SO ORDERED.**

|  | S/Sean F. Cox |
|---|---|
| **Dated: June 7, 2007** | Sean F. Cox |
|  | **United States District Judge** |

**I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2007, by electronic and/or ordinary mail.**

S/Jennifer Hernandez
**Case Manager**

---

[1] "The doctrine of primary jurisdiction arises when a claim is properly cognizable in court but contains some issue within the special competence of an administrative agency." *U.S. v. Any and All Radio Station Transmission Equipment*, 204 F.3d 658, 664 (6th Cir. 2000). "When the doctrine applies, court proceedings are stayed so that the agency may bring its special competence to bear on the issue." *Id*. The determination of whether a practice is unreasonable under § 201(b) is within the primary jurisdiction of the FCC. *In re Long Distance Telecommunications Litigation*, 831 F.2d 627, 631 (6th Cir. 1987).