UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MANASHER and
FRIDA SIROTA,

      Plaintiffs,

v.                                                  Case No. 06-10749
                                                    Hon. Sean F. Cox

NECC TELECOM,

      Defendant.
_____

**ORDER DENYING PLAINTIFFS' MOTION
FOR MODIFICATION OF THE COURT'S ORDER
DATED SEPTEMBER 18, 2007**

      This matter is before the Court on Plaintiffs' Motion for Modification of the Court's Order Dated September 18, 2007 based on additional authority. Both parties have briefed the issues. Pursuant to E.D.Mich. LR 7.1, the Court declines to hear oral argument. For the following reasons, Plaintiffs' Motion for Modification of the Court's Order Dated September 18, 2007 is **DENIED**. The stay issued in the September 18, 2007 Order remains in effect.

**I. BACKGROUND**

      This action arises out of the allegedly faulty billing system and business practices of Defendant NECC Telecom, Inc. Defendant is a telecommunications company that provides local, long distance, and international telephone service. Plaintiffs, Gregory Manasher and Frida Sirota, were customers of Defendant. Plaintiffs seek to bring this claim as a class action.

      The underlying facts are sufficiently set forth in this Court's Order Denying Defendant's

1

Motion to Compel Arbitration entered September 18, 2007. [Doc. 97]. In the September 18, 2007 order, with respect to Plaintiffs' claim for violation of 47 C.F.R. § 64.2401, the Court stayed the proceedings pending a ruling from the FCC whether violation of 47 C.F.R. § 64.2401, as alleged by Plaintiffs, is an unreasonable practice for purposes of 47 U.S.C. § 201(b). The Court relied on the primary jurisdiction doctrine.

On May 23, 2008, Plaintiffs filed the instant Motion, asking the Court to lift the stay and rule on Defendant's motion to dismiss as it pertains to Plaintiffs' claim for violation of § 64.2401. Plaintiffs argue that the FCC has ruled on the issue in a declaratory judgment. Accordingly, Plaintiffs ask this Court to lift the stay.

## II. ANALYSIS

Plaintiffs' First Amended Complaint alleges that Defendant violated both 47 U.S.C. § 201(b) and 47 C.F.R. § 64.2401 because it "continuously billed, charged and collected monies from Plaintiffs and the Class which were unjustly, unreasonably and deceptively billed as 'recurring fees' and 'other fees.'" [Doc. 57, ¶39].[1] Plaintiffs also allege Defendant violated 47 U.S.C. § 201(b) and 47 C.F.R. § 64.2401 because it "billed Plaintiffs and the Class for amounts in excess of the actual cost for telephone services used." [Doc.57, ¶40]. Defendant concedes there is a private right of action for violation of 47 U.S.C. § 201(b), but argues there is no private right of action for violation of 47 C.F.R. § 64.2401. In an order issued September 18, 2007, this Court stayed the claim under the primary jurisdiction doctrine, pending resolution by the FCC of whether violation of 47 C.F.R. § 64.2401 is an unreasonable practice under § 201(b).

Plaintiffs now direct the Court to 20 F.C.C.R. 6448, 6460 ¶25:

---

[1]Plaintiffs' Complaint incorrectly cites 47 C.F.R. § 64.2401 as 12 C.F.R. § 64.2401.

2

Section 201(b) of the Act requires that all charges, practices, classifications, and regulations for and in conjunction with interstate communications service be just and reasonable, and gives the Commission jurisdiction to enact rules to implement that requirement. The Commission has concluded that a carrier's provision of misleading or deceptive billing information is an unjust and unreasonable practice in violation of section 201(b).

The parties dispute the effect of this declaratory ruling. Plaintiffs contend that this ruling makes it clear that misleading billing practices are unreasonable for purposes of § 201(b). Plaintiffs argue that 47 C.F.R. § 64.2401 prohibits misleading billing practices. Thus, according to Plaintiffs, although it does not explicitly so state, 20 F.C.C.R. 6448 is essentially a ruling that violation of 47 C.F.R. § 64.2401 is unreasonable for purposes of § 201(b). Defendant disagrees and argues that this ruling does not address the issue referred by this Court because it does not specifically address whether violation of 47 C.F.R. § 64.2401 necessarily constitutes violation of § 201(b).

In *In the matter of Truth-in-Billing and Billing Format*, 14 F.C.C.R. 7492 (1999), with respect to telecommunications carrier billing, the FCC adopted "broad, binding principles to promote truth-in-billing" rather than creating detailed rules for billing practices. When discussing its legal authority to adopt such principles, the FCC stated:

> Our truth-in-billing principles and guidelines also will deter carriers from engaging in unjust and unreasonable practices in violation of section 201(b). Under section 201 (b), carrier practices must be just and reasonable. As we stated above, the Commission has authority to promulgate rules implementing that requirement as to the provision of interstate services. Thus, section 201 (b) provides further authority for the guidelines adopted herein. **We emphasize that a carrier's provision of misleading or deceptive billing information is an unjust and unreasonable practice in violation of section 201 (b) of the Act.** The principles and guidelines established in this Order are intended to define more specifically what would constitute a violation of section 201 in the billing context for the covered carriers. Moreover, implementation of the general principles and guidelines set forth in this Order, such as requiring clear descriptions of services for which charges appear on the bill, will facilitate

3

>  consumer detection of fraud, and thereby deter unscrupulous carriers from
>  engaging in unreasonable practices such as cramming. * * *

14 F.C.C.R. 7492, 7506, ¶24 (emphasis added). The FCC adopted the principles that became 47 C.F.R. ¶ 64.2401, in relevant part:

> (b) Descriptions of billed charges. Charges contained on telephone bills must be accompanied by a brief, clear, non-misleading, plain language description of the service or services rendered. The description must be sufficiently clear in presentation and specific enough in content so that customers can accurately assess that the services for which they are billed correspond to those that they have requested and received, and that the costs assessed for those services conform to their understanding of the price charged.

In *In the matter of Truth-in-Billing and Billing Format*, 20 F.C.C.R. 6448 (2005), the FCC addressed a petition filed by the National Association of State Utility Consumer Advocates ("NASUCA"), seeking a declaratory ruling that telecommunications carriers were prohibited from imposing a separate line item or surcharge on a consumer's bill that was not mandated or authorized by federal, state or local law. NASUCA was concerned that telecommunications carriers were intentionally putting charges in the line items with other fees to mislead customers into thinking the charges were mandated or authorized by law. The FCC denied NASUCA's request, finding that there is no general prohibition against the use of line items on telephone bills under FCC rules or the Federal Communications Act.

However, in response to concerns over the use of line item billing, the FCC indicated that it wanted to take the opportunity to reiterate, and provide some additional clarifications to, existing rules. In this context, the FCC stated:

> Section 201(b) of the Act requires that all charges, practices, classifications, and regulations for and in conjunction with interstate communications service be just and reasonable, and gives the Commission jurisdiction to enact rules to implement that requirement. **The Commission has concluded that a carrier's provision of misleading or deceptive billing information is an unjust and**

> **unreasonable practice in violation of section 201(b)**.

20 F.C.C.R. 6448, 6460, ¶25 (emphasis added). In a footnote following the emphasized portion, the FCC referred back to 14 F.C.C.R. 7492, 7506, ¶24, *supra*.

In *Global Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc.*, 127 S.Ct. 1513 (2007), the Supreme Court held that a cause of action existed for violation of an FCC regulation where violation of the regulation was lawfully deemed an unreasonable practice under 47 U.S.C. § 201(b) by the FCC. In *Global Crossing*, the plaintiff, a payphone service operator, sued a long distance carrier claiming it had failed to pay the compensation ordered under an FCC regulation. The FCC issued rules requiring long distance carriers to pay compensation at a specified rate to payphone service providers. Further, the FCC added that refusal to pay the compensation was an unreasonable practice for purposes of 47 U.S.C. § 201(b). The Court held that the action was proper if the FCC regulation at issue could lawfully be deemed an unreasonable practice under § 201(b). *Global Crossing*, 127 S.Ct. at 1519-1520.

The Court reviewed whether the FCC's determination was lawful under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Under *Chevron*, there is a two step process for reviewing the validity of an agency regulation. "First, we ask whether Congress has directly spoken to the precise question at issue...[i]f Congress's intent is clear, that is the end of the matter." *Wachovia Bank v. Watters*, 431 F.3d 556, 560-561 (6th Cir. 2005). "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id*. Any ambiguities require the court to give "great weight" to any reasonable construction of the statutes by the agency. *Id*. The Court found that the FCC's determination that failure to comply with 47

CFR § 64.1300(d) is unreasonable "easily fits within the language of the statutory phrase." *Global Crossing*, 127 S.Ct. at 1520. Tracking the language of § 201(b), the Court stated "one can call a refusal to pay Commission-ordered compensation despite having received a benefit from the payphone operator a 'practice ... in connection with furnishing a communication service ... that is ... unreasonable.'" *Id*.

In this case, the FCC has not issued a ruling specifically finding that a violation of 47 C.F.R. § 64.2401 is unreasonable for purposes of 47 U.S.C. § 201(b). Both 14 F.C.C.R. 7492 and 20 F.C.C.R. 6448 make clear that to the extent a carrier provides misleading or deceptive billing information, those acts are unreasonable under § 201(b). However, the language of 47 C.F.R. § 64.2401(b) is broader than that. Section 64.2401(b) requires that charges include a "brief, clear, non-misleading, plain language description" of the service rendered. To the extent billing information is deemed to be unclear rather than misleading, there is no indication whether the FCC would hold that to be unreasonable for purposes of § 201(b). With respect to their claim for violation of 47 C.F.R. § 64.2401, Plaintiffs allege Defendant billed them for "recurring fees" and "other fees." The FCC could deem this unclear billing rather than misleading. Additionally, Plaintiffs allege the itemized charges did not equal the figure shown as the total charge. The FCC could potentially deem this unclear rather than misleading. Further, because this does not involve describing billed charges, but pertains to the charges themselves, the FCC could find that the tallying of the charges does not even fall within the ambit of § 64.2401.

Applying the doctrine of primary jurisdiction, this Court will not decide what the FCC intended to prohibit under § 64.2401 and whether the FCC intended that only some, or all, violations of § 64.2401 are unreasonable for purposes of § 201(b). "The doctrine of primary

jurisdiction arises when a claim is properly cognizable in court but contains some issue within the special competence of an administrative agency." *U.S. v. Any and All Radio Station Transmission Equipment, et al.*, 204 F.3d 658, 664 (6th Cir. 2000). There is no formula for applying the doctrine. *Id*. "Rather, in every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Id*. "Those reasons, broadly speaking, are the desire for uniformity in adjudication and the belief that the decisionmaker with the most expertise and broadest perspective regarding a statutory or regulatory scheme will be most likely to resolve the issue correctly." *Id*. The doctrine of primary jurisdiction has further been explained as follows:

> In cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

*Miranda v. Michigan*, 141 F.Supp.2d 747, 758-759 (E.D.Mich. 2001)(citing *In re Long Distance Telecommunications Litigation*, 831 F.2d 627, 629-630 (6th Cir. 1987).

"Courts have consistently held that claims of unjust and unreasonable practices under § 201(b) of the Federal Telecommunications Act fall within the primary jurisdiction of the FCC." *Miranda*, 141 F.Supp.2d at 759 (citing cases). "As the Sixth Circuit has stated 'Section 201(b) speaks in terms of reasonableness, ... a determination that Congress has placed squarely in the hands of the FCC.'" *Id*. (citation omitted). Accordingly, this Court will defer to the FCC to

7

determine whether the violations of 47 C.F.R. § 64.2401 alleged by Plaintiffs, constitute unjust and unreasonable practices under 47 U.S.C. § 201(b).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Modification of the Court's Order Dated September 18, 2007 is **DENIED**. The stay issued in the September 18, 2007 Order remains in effect.

**IT IS SO ORDERED.**


<u>s/Sean F. Cox</u>
**Sean F. Cox**
**United States District Judge**

**Dated: July 2, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2008, by electronic and/or ordinary mail.**

<u>s/Jennifer Hernandez</u>
**Case Manager**