UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MANASHER and FRIDA SIROTA,

    Plaintiffs,

v.

NECC TELECOM ,

    Defendant.
_____/

Case No. 06-10749

HON. SEAN F. COX
United States District Judge

## OPINION & ORDER CERTIFYING QUESTIONS TO THE FCC

On July 2, 2008, the Court stayed proceedings in this matter pending a determination by the FCC "whether the violations of 47 C.F.R. § 64.2401 alleged by Plaintiffs, constitute unjust and unreasonable practices under 47 U.S.C. § 201(b)." [Doc. No. 111, p.8]. The matter is currently before the Court on Plaintiffs' "Motion for Determination of the Specific Questions the Court is referring to the FCC" [Doc. No. 119], in which the parties seek guidance from the Court regarding the precise nature of the questions and issues the Court desires to be resolved by the FCC. The parties have fully briefed the issues, and the Court declines to hold oral argument on the issues pursuant to Local Rule 7.1(e)(2). For the reasons below, the Court **CERTIFIES** the Plaintiffs' proposed questions in their "Petition for Declaratory Ruling" [Doc. No. 119, Ex. A] to the FCC, subject to the removal of certified questions 2(b), 3(b), 4(b), 5(b), 6(b), 7(b), and 8(b).

### BACKGROUND

On September 18, 2008, the Court issued its "Order Denying Plaintiffs' Motion for Modification of the Court's Order Dated September 18, 2007." [Doc. No. 111] ("Order"). In

1

that Order, the Court discussed the Supreme Court's holding in *Global Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc.*, 550 U.S. 45 (2007). Specifically, this Court noted that "the Supreme Court held that a cause of action existed for violation of an FCC regulation where violation of the regulation was lawfully deemed an unreasonable practice under 47 U.S.C. § 201(b) by the FCC." [Doc. No. 111, p.5]. The Supreme Court held that such action was proper if the FCC regulation could lawfully be deemed an unreasonable practice under § 201(b). *Global Crossing*, 550 U.S. at 54.

This Court then held that "the FCC has not issued a ruling specifically finding that a violation of 47 C.F.R. § 64.2401 is unreasonable for purposes of 47 U.S.C. § 201(b)." [Doc. No. 111, p.6]. The Court then went into greater analysis, as appears below in pertinent part:

> Both 14 F.C.C.R. 7492 and 20 F.C.C.R. 6448 make clear that to the extent a carrier provides misleading or deceptive billing information, those acts are unreasonable under § 201(b). However, the language of 47 C.F.R. § 64.2401(b) is broader than that. Section 64.2401(b) requires that charges include a "brief, clear, non-misleading, plain language description" of the service rendered. To the extent billing information is deemed to be unclear rather than misleading, there is no indication whether the FCC would hold that to be unreasonable for purposes of § 201(b). With respect to their claim for violation of 47 C.F.R. § 2401, Plaintiffs allege Defendant billed them for "recurring fees" and "other fees." The FCC could deem this unclear rather than misleading. Additionally, Plaintiffs allege the itemized charges to not equal the figure shown at the total charge. The FCC could potentially deem this unclear rather than misleading. Further, because this does not involve described billed charges, but pertains to the charges themselves, the FCC could find that the tallying of the charges does not even fall within the ambit of § 64.2401.

[Doc. No. 111, p.6].

As these issues remained unresolved by the FCC, the Court then applied the doctrine of primary jurisdiction and determined that it would "not decide what the FCC intended to prohibit under § 64.2401 *and whether the FCC intended that only some, or all, violations of § 64.2401*

*are unreasonable for purposes of § 201(b)."* *Id*. (emphasis added). As such, the Court's July 2, 2008 Opinion concluded as follows:

> Accordingly, this Court will defer to the FCC to determine *whether the violations of 47 C.F.R. § 64.2401(b) alleged by the Plaintiffs*, constitute unjust and unreasonable practices under 47 U.S.C. § 201(b).

*Id*. at pp.7-8 (emphasis added).

Since that time, the parties have conferred with the FCC, and "[a] consensus was reached . . . that it is in the best interests of all concerned to obtain guidance from the Court as to the specific questions the Court wants answered." [Pl.'s Br., Doc. No. 119, p.2]. Thus, the parties have each filed briefs suggesting proposed questions for this Court to certify to the FCC. The parties disagree upon the scope of the questions necessary for the FCC to provide sufficient guidance to the Court.

The Plaintiffs' proposed certified questions [Doc. No. 119, Ex. A] ask whether the *specific conduct alleged* to have been committed by the Defendant, if true: 1) constitutes a violation of 47 C.F.R. § 64.2401(b), and if so, whether that violation is either "misleading," "decepting" and/or "unclear"; and if not, 2) whether, despite not violating 47 C.F.R. § 64.2401(b), the conduct alleged would nonetheless violate 47 U.S.C. § 201(b). [*See* Pl.'s Ex. A, Doc. No. 119].

In contrast, the Defendant argues that the Court should only certify the following question to the FCC: "Whether violation of 47 C.F.R. § 64.2401 is an unreasonable practice for purposes of 47 U.S.C. § 201(b)." [Def.'s Br., Doc. No. 120, p.1]. Thus, the Defendant argues that Plaintiffs' proposed certified questions 1) contravene this Court's order of referral; 2) violate the Defendant's due process rights; and 3) violate 47 U.S.C. § 207. *Id*. at pp.6-12.

ANALYSIS

The Court rejects the Defendant's sole proposed certified question, as it misconstrues the Court's holding in the July 2, 2008 Opinion. Again, in the July 2, 2008 Opinion, the Court went to great lengths to explain that the scope of 47 C.F.R. § 64.2401(b) is broader than the scope of the FCC's prior opinions at 14 F.C.C.R. 7492 and 20 F.C.C.R. 6448. Noting this, and noting the potential under the language of 47 C.F.R. § 64.2401(b) for the FCC to find that some, but not all, violations of the regulation constitute violations of 47 U.S.C. § 201(b), the Court held as follows:

> Accordingly, this Court will defer to the FCC to determine *whether the violations of 47 C.F.R. § 64.2401(b) alleged by the Plaintiffs*, constitute unjust and unreasonable practices under 47 U.S.C. § 201(b).

[Doc. No. 111, pp.7-8 (emphasis added)].

In light of the Court's prior holding, the sole certified question proposed by the Defendant is unduly restrictive, as it treats the subject as if only two possible outcomes could logically be arrived at by the FCC: 1) that *all* violations of 47 C.F.R. § 64.2401(b) constitute violations of 47 U.S.C. § 201(b); or 2) that *no* violations of 47 C.F.R. § 64.2401(b) constitute violations of 47 U.S.C. § 201(b). This leaves out the possibility of a third, completely plausible determination to be made by the FCC: 3) that *some, but not all*, violations of 47 C.F.R. § 64.2401(b) constitute violations of 47 U.S.C. § 201(b). As such, the Court holds that the proposed questions presented by the Plaintiffs regarding alleged violations of 47 C.F.R. § 64.2401(b) accurately represent those questions the Court sought to have answered by the FCC.

Part of the Plaintiffs' certified questions, however, go *beyond* that which the Court sought to have determined by the FCC. With respect to each specific alleged violation, the Plaintiffs propose the following certified question:

4

> If this is not a violation of 47 C.F.R. § 64.2401(b), would this nonetheless violate 47 U.S.C. § 201(b)?

[Pl.'s Ex. A, Doc. No. 119, ¶¶2(b), 3(b), 4(b), 5(b), 6(b), 7(b), 8(b)]. The Court's July 2, 2008 Order was clear, however, that it only sought guidance from the FCC "regarding whether the violations of 47 C.F.R. § 64.2401(b) alleged by the Plaintiffs, constitute unjust and unreasonable practices under 47 U.S.C. § 201(b)." [Doc. No. 111, pp.7-8]. The Court does not seek guidance from the FCC regarding whether other potential avenues exist for Plaintiffs to allege violations of 47 U.S.C. § 201(b) outside of actions pursuant to 47 C.F.R. § 64.2401(b).

The Court also holds that the Defendant's argument regarding alleged due process violations is without merit. The Defendant argues that "[d]uring discussions with the parties, a representative of the agency stated that the FCC normally does not resolve factual issues in petitions for declaratory relief but, rather, addresses those issues through formal complaint procedures." [Def.'s Br., Doc. No. 120, p.8]. While true, the certified questions proposed by the Plaintiffs in their brief do not require the FCC to engage in any findings of fact. Nothing about the Plaintiff's "Petition for Declaratory Ruling" [Doc. No. 119, Ex. A] requires the FCC to engage in anything other than the usual "declaratory ruling" proceeding "in accordance with section 5(d) of the Administrative Procedure Act," under 47 C.F.R. § 1.2.

Similarly, the Court holds that the Defendant's argument regarding alleged violations of 47 U.S.C. §207 is also without merit. Under that statute, a person may "either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of damages [in district court]. . . but such person shall not have the right to pursue both remedies." 47 U.S.C. §207. The Defendants argue that "[a]lthough called a petition for a 'declaratory ruling,' this is essentially the same relief Plaintiffs sought in this Court when they filed their federal court

complaint." [Def.'s Br., Doc. No. 120, p.11].

The Court disagrees. While the FCC's rulings on the Plaintiffs' "Petition for Declaratory Ruling" will considerably narrow the issues before the Court, it will still be incumbent upon the Plaintiffs to prove *that such violations actually exist*. Again, as discussed *supra*, this Court is not asking the FCC to make factual findings pertinent to this case.

## CONCLUSION

For the reasons explained *supra*, the Court **CERTIFIES** the Plaintiff's proposed questions in their "Petition for Declaratory Ruling" [Doc. No. 119, Ex. A] to the FCC, subject to the removal of certified questions 2(b), 3(b), 4(b), 5(b), 6(b), 7(b), and 8(b).

**IT IS SO ORDERED**.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: April 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 8, 2010, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager